UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHRISTIAN FUENTES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:08-cr-048-16 |
| | ) | 3:12-cv-139 |
| UNITED STATES OF AMERICA, | ) | (VARLAN/SHIRLEY) |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Christian Fuentes ("petitioner"). For the reasons stated below, the motion will be **DENIED** as time-barred and this action will be **DISMISSED**.

Petitioner pleaded guilty to conspiracy to distribute cocaine hydrochloride and marijuana. By judgment entered October 29, 2010, he was sentenced to a term of imprisonment of 84 months. He did not appeal his conviction or sentence.

Section 2255 provides for a one-year statute of limitation in which to file a motion to vacate sentence; the limitation period generally runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f). In the event a petitioner did not file a direct appeal, the statute of limitation commences when the time for filing a direct appeal has elapsed. *Sanchez-Castellano v. United States*, 358 F.3d 424 (6th Cir. 2004) ("[A]n unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations, at least where there has been no district court extension

of appeal time for good cause or excusable neglect."); *see also United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002) (footnote omitted) ("because defendant did not pursue a direct appeal from the judgment of conviction, he cannot rely on the 90-day period for seeking certiorari review of a judgment of the court of appeals to extend the date on which his conviction became final"). Accordingly, petitioner had until November 16, 2011, within which to file his § 2255 motion.

Petitioner did not file his § 2255 motion until March 15, 2012.[1] Because the § 2255 motion was not timely filed, petitioner was given the opportunity to show cause why his § 2255 motion should not be barred by the one-year statute of limitation. *See Day v. McDonough*, 547 U.S. 198 (2006) (a district court may sua sponte dismiss a petition as time-barred after giving the petitioner fair notice and an opportunity to be heard).

Petitioner has responded to the show cause order and claims that the statute of limitation should be equitably tolled. The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance

---

[1] The § 2255 motion was received by this Court on March 19, 2012. However, the envelope bears a post-mark of March 15, 2012. Pursuant to the "prison mail box rule" of *Houston v. Lack*, 487 U.S. 266 (1988), a pleading is "filed" by a *pro se* prisoner when it is given to a prison official for mailing. The Court notes that the § 2255 motion has a verification by petitioner that he placed the pleading in the prison mailing system on January 17, 2012. Even assuming that to be true, the § 2255 motion was still filed after the expiration of the one-year statute of limitation.

2

stood in his way and prevented timely filing.'" *Hall v. Warden*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. at 2562) (holding that counsel's failure to turn over the trial transcript as well as other documents related to the case and the prison's restriction on visits to the law library did not entitle petitioner to equitable tolling; also noting that *Holland* 's two-part test replaced the five-factor inquiry the Sixth Circuit had previously set forth in *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001)).

Petitioner alleges that he is entitled to equitable tolling because he was in transit during the months of September and October, 2011,[2] and that he was being investigated pursuant to an incident report from mid-November through the date the § 2255 motion was filed. The basis of the § 2255 motion is error on the part of defense counsel, the assistant U.S. attorney, and the probation officer in the calculation of petitioner's criminal history points. Petitioner does not indicate why he could not have filed his § 2255 motion on those grounds during the time period between his conviction on October 29, 2010, and his transit some eleven months later.

Under the circumstances, petitioner has not demonstrated that he is entitled to equitable tolling of the statute of limitation. The motion to vacate, set aside or correct sentence will be **DENIED** as time-barred and this action will be **DISMISSED**. In addition to the above, this Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate

---

[2]Petitioner states that he was in transit from September, 2012, through October, 2012. The Court assumes petitioner meant September, 2011, through October, 2011.

Procedure.  Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

    **AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

4